PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SERGIO DÁVILA, Defendant and Appellant.

No. 3380.   Argued January 25, 1928.—Decided March 19, 1928.

*R. Díaz Collazo* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sergio Dávila was tried and convicted of the crime of seduction, whereupon he took this appeal. His brief does not comply with the rules of this court, but it shows clearly that he alleges error on the part of the court in refusing to quash the indictment and also in declining to give certain instructions to the jury.

We shall consider the first assignment. The accused contended that the process should have been quashed because the district attorney allowed more than sixty days to expire after his arrest without presenting the accusation. The district attorney answered that the case was received in his office on May 5, 1925, with bail furnished by the defendant on the 3rd of the previous March, and that on the 5th of the following August it was dismissed because the statutory

period of sixty days had elapsed, the bail being canceled and the defendant set at liberty; that in consequence of a new study of the case he decided to submit it to the grand jury, issuing a new warrant of arrest on August 28, 1925, and that on the 1st of the following September the grand jury found an indictment and the defendant was arraigned a few days later.

In view of the facts alleged the court overruled the motion to quash the indictment.

Section 452 of the Code of Criminal Procedure reads: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

Under the authority of that section and in view of the concurring circumstances, there is no reason for concluding that the court erred in acting as it did. A cursory reading of the opinion of this court in the case of *Monserrate* v. *District Court*, 35 P.R.R. 337, invoked in his favor by the appellant, is sufficient to justify the conclusion that it is not applicable. The citation of another case by the appellant is a mistake.

Let us take up now the matter in connection with the instructions to the jury.

The defendant requested the court to give the following instruction:

"That the promise of marriage should be absolute and not conditional upon the occurrence of other events distinct from the sexual intercourse, and that a promise of marriage in case the woman becomes pregnant is not sufficient to convict the defendant of the offense charged."

The court gave the first part but refused to give the second, and gave the following instructions on its own account:

"The promise is considered as the artifice or wile constituting

the plot and the deception, as a gentle persuasion to commit the act of sexual intercourse into which an unmarried female reputed to be of chaste character until that moment is led, without thinking of the consequences and under the suggestion of the belief that the promise given her would be fulfilled.

"In order to convict a defendant of the crime of seduction it must be shown positively that the sexual act was consummated only under the promise of marriage, and that the woman had the reputation of chastity and was unmarried. The testimony of the seduced woman must be frank, positive and sincere, so that she may be looked upon as the victim of deceit, as before stated. The consent of the woman must be obtained only by the promise of marriage. If she yields to force or violence, or by reason of other promises or cajolery, or to prevent future events other than the promise of marriage, then the crime of seduction would not exist. The promise must be proven so as to convince the jury that the woman, without weighing the consequences and only under the suggestion of her firm belief that the promise given her would be fulfilled, yielded and had sexual intercourse with the defendant; and it must appear from the evidence, positively, that it was only the promise of marriage which conquered the resistance of the woman and made her decide to commit the carnal act.

"The carnal act, in itself, does not constitute the crime of seduction. If the woman gives herself to the man to gratify her sensual desires and the carnal act is done for the mutual gratification of the parties, there is no crime of seduction. There must be a promise of marriage to make it seduction.

\* \* \* \* \* \* \*

"As I said before to the jury, the testimony of the prosecutrix must be corroborated in regard to these essential elements, the carnal act and the promise of marriage. The corroboration of the carnal act may consist in a condition of pregnancy as the result of said act and the birth of a child, normally, nine months after its conception."

The appellant is obscure in discussing the question in his brief. He covers the two points. The second may be discussed on the basis of a negation of the court, but not so the first, which can be argued only on the insufficiency of the evidence, for the court gave and elaborated the instruction.

The question of the pregnancy as presented in the refused

instruction is clearly untenable, no matter how it may be construed.

In regard to the evidence, it is true that counsel for the defendant, after a long, skilful and captious interrogatory of the complainant, succeeded in getting from her the answer that she had been influenced of course in her resolve to yield by her knowledge that her fiancé had another sweetheart whom it was said he was going to marry, but it is also true that it clearly and persistently appears from the whole testimony that she yielded because she believed that the defendant would keep the promise made to marry her.

The instructions of the court were complete and it was the province of the jury to decide about the sufficiency of the evidence. The jury decided against the defendant and we do not see how its verdict can be set aside when it is sustained by a rational construction of the evidence.

Another refused instruction was:

"That the fact of having had sexual intercourse with the defendant on several occasions subsequent to the alleged seduction may be considered by the jury in determining its estimate of the previous chaste character of the woman."

As said by the *Fiscal* of this court, there is not an atom of evidence to show that the complainant committed repeated carnal acts with the defendant. She herself denied it emphatically on being examined in that respect. Repeated carnal acts can not be implied from the fact that she became pregnant. That being so, it was not the duty of the court to give the instruction.

The court also refused to give the following instruction:

"That the presumption of the innocence of the accused overcomes the presumption of chastity of the complainant."

To uphold the contention that the refusal was erroneous, 35 Cyc. 1368, is invoked.

We find the following in that authority:

"In other jurisdictions the courts hold that it is proper to instruct the jury to acquit, if they have a reasonable doubt as to whether the prosecutrix was chaste, for the two-fold reason that it is a prerequisite required by the statute to be proven, and the presumption of the innocence of the accused overcomes the presumption of chastity in the prosecutrix."

It is sufficient to compare the terms of the established jurisprudence with those of the proposed instruction to conclude that the instruction should not have been given to the jury, because it did not contain a just and complete statement of the principle.

This appears more evident still after an examination of one of the two cases cited by Cyc. in support of the text. It is the case of *Powell* v. *State of Mississippi*, 20 So. 4, in which it was held:

"On indictment for seduction, there was testimony that defendant had stated, in conversation, that he suspected the prosecutrix of admitting men to her bed, and had gone to her room at night to see if she was looking for any one; that he had been convinced by her actions that she was expecting some one, and had told her she was doing wrong; that he had made an examination to ascertain whether she had retained her chastity. *Held,* that it was error to instruct the jury that they might take the admissions of defendant into consideration as corroborating the prosecutrix, such instruction conveying the idea that defendant's statements were in the nature of confessions of guilt, while, in fact, defendant had asserted his innocence."

The other case cited, *West* v. *State,* 1 Wis. 209, is not in our library.

Finally the appellant complains that the court refused his request to give another instruction, but there is no argument in his brief in support of his contention; therefore, as it does not appear that the court was in error, we shall not consider the question.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.